The Honorable James E. Lowther State Representative, 60th District 1549 Berkeley Road Emporia, Kansas 66801
Dear Representative Lowther:
You have requested our opinion on repackaging of a database in the county appraiser's office and the application of the Kansas open records act (KORA), K.S.A. 45-201 et seq.
You inform us that a certified fee appraisal firm was refused access to the commercial property database by the county appraiser's office. We are not provided with sufficient information on this particular record request and subsequent denial of access by the county to make a judgment as to the propriety of the denial. We will therefore proceed with a general discussion of KORA application to this database in the county appraiser's office.
The KORA provides that public records must "be open for inspection by any person. . . ." K.S.A. 45-216(a). A "public record" is "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or in the possession of any public agency." K.S.A. 45-217(f)(1). County offices are public agencies. K.S.A.45-217(e)(1). Under these definitions, the county appraiser's records are public records. However, there are several exceptions to the rule of openness of public records.
Your question does not deal with specific records in the county appraiser's office, therefore, we do not address the issue of whether an exception may apply. A determination of which records in the county appraiser's office have to be disclosed under the KORA is a complicated one. We will direct you to our recent opinion (Attorney General Opinion No. 94-96, enclosed), which discusses the accessibility of the county appraiser's records.
If the records are mandatorily open and already available in database format, the public agency must provide those records in such format upon request. The agency is not required to acquire or design a special program to produce information in a desired form, but has discretion to allow an individual who requests information to design or provide a computer program to obtain the information in the desired form. Attorney General Opinions No. 89-106; 87-137. [Any person has the right to obtain a computerized voter registration list in computer format under the KORA, if the public agency has the capability of providing the record in that format. Attorney General Opinion No. 88-152.]
However, K.S.A. 21-3914 and K.S.A. 45-220 limit the use of information obtained from public records so as to prohibit commercial solicitation of persons whose names and addresses are of record. A custodian of public records who reasonably believes that a requestor will use the information for prohibited purposes must deny access to the records. We have stated that using information from county assessment, appraisal and tax records and maps to produce "microfiche ownership products and maps" is not prohibited, because names and addresses taken from public records are not used to solicit those persons to purchase property or services, rather, they are used to produce an item that provides the same information which is available to the public and is produced for sale to the public at large. Attorney General Opinion No. 89-47. We have also stated that using information from the tax rolls to produce land "ownership maps" under similar conditions is not prohibited. Attorney General Opinion No. 86-39.
In conclusion, the county appraiser's office must provide access to the database maintained in the office, as long as the records requested are open public records and the format is available. The requester of the database may manipulate and repackage the information into a different format for sale as long as the provisions of K.S.A. 21-3914 and K.S.A.45-220(c) are not violated.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas
Enclosure